*Acorda Therapeutics, Inc. v. Alkermes PLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand twenty-six.

PRESENT:
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

ACORDA THERAPEUTICS, INC.,

> *Petitioner-Appellant*,

> v.                                                  No. 25-1896

ALKERMES PLC,

> *Respondent-Appellee*,

_____

For Petitioner-Appellant: GARRARD R. BEENEY (Morgan R. Knudtsen, Brooke A Rottet, *on the brief*), Sullivan & Cromwell LLP, New York, NY.

For Respondent-Appellee: BRIAN T. BURGESS (Christopher T. Holding, Jordan F. Block, Goodwin Procter LLP, Boston, MA, *on the brief*), Goodwin Procter LLP, Washington, D.C.

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 7, 2023 judgment of the district court is **AFFIRMED.**

Acorda Therapeutics, Inc. ("Acorda") appeals the district court's judgment denying its petition to vacate or modify an arbitral award. While that award puts $16.5 million in Acorda's pocket – compelling Alkermes PLC ("Alkermes") to pay that sum in restitution – Acorda contends that it should have received an additional $65 million, and that the district court thus erred in confirming the award without modifying it. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as needed to explain our decision.

Acorda licensed a patent from Alkermes. Although that patent expired in 2018, Acorda continued to pay royalties on it, as required by its contracts with Alkermes. After roughly two years, however, Acorda demanded arbitration and began making its royalty payments under protest. An arbitral tribunal of three retired judges (the "Tribunal") concluded that (i) as to substantive law, the contractual clauses requiring Acorda to pay post-patent-expiration royalties were unenforceable; and (ii) as to remedies, Acorda could recover only the roughly $16.5 million that it had paid under protest – and not the larger sums it had previously (and willingly) forked over – because New York's Voluntary-Pay Doctrine ("NYVPD") bars recovery of sums paid "with full knowledge of the facts." Sp. App'x at 10, 19 (quoting *Dillon v. U-A Columbia Cablevision of Westchester*, 740 N.Y.S.2d 396, 397 (App. Div. 2003)). Acorda subsequently asked the district court to modify the Tribunal's decision so that it would receive the full amount in restitution; the district court denied Acorda's petition because it "failed to establish that the Tribunal manifestly disregarded the law." Sp. App'x at 44.

"We review a district court's decision to confirm . . . an arbitration award . . . *de novo* as to legal issues, and for clear error as to factual findings." *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 378 (2d Cir. 2023). A

district court may vacate or modify an award only for the reasons set forth, respectively, in Sections 10 and 11 of the Federal Arbitration Act (the "FAA"). *See T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 338 (2d Cir. 2010). Applying "a judicial gloss on the specific grounds for vacatur of arbitration awards under [Section 10]," we have recognized that an award may also be vacated if it exhibits "manifest disregard of the law." *Id.* at 340. But this doctrine is "severely limited," *id.* (internal quotation marks omitted), and involves "[a]n extremely deferential standard of review" that requires "[o]nly a barely colorable justification for the outcome reached by the arbitrators," *Smarter Tools*, 57 F.4th at 378 (internal quotation marks omitted).[1] Similarly, as discussed below, we have also suggested that a district court may vacate an award if it violates "public policy." *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 452 (2d Cir. 2011) (quoting *W.R. Grace & Co. v. Local Union 759, International Union of the United Rubber, Cork, Linoleum & Plastic Workers*, 461 U.S. 757, 766 (1983)).[2]

---

[1] The district court observed that, since the Supreme Court's decision in *Hall Street Associates v. Mattel, Inc.*, 552 U.S. 576 (2008), the manifest-disregard doctrine "has only been recognized by the Second Circuit as a basis for vacatur, not modification." Sp. App'x at 38. We need not resolve whether the doctrine permits modification, however, because we agree with the district court that "[i]n any event, . . . the Tribunal did not manifestly disregard the law." *Id.*

[2] There is some ambiguity in our caselaw about whether parties may still challenge arbitral awards on public-policy grounds. *See Malato v. DigitalOcean LLC*, No. 25-2319 (KPF), 2026 WL 686004, at *11 (S.D.N.Y. Mar. 11, 2026) ("This Court's review of case law in the area discloses a

4

On appeal, Acorda asserts that the Tribunal (i) manifestly disregarded federal patent doctrine, which preempts any state law "limiting restitution"; and (ii) "contravene[d] . . . public policy." Acorda Br. at 18–19. While these challenges technically arise from different doctrinal origins, they share a common element. To show manifest disregard, petitioners must point to "well-defined" and "explicit" law that the arbitrators ignored. *Smarter Tools*, 57 F. 4th at 383 (internal quotation marks omitted). And to prevail on a public-policy challenge, they must show that the award "violates some *explicit* public policy" that is "well[-]defined and dominant" and is "ascertained by reference to the laws and legal precedents." *Schwartz*, 665 F.3d at 452 (quoting *W.R. Grace*, 461 U.S. at 766).[3]

Acorda's arguments thus fail unless it can demonstrate that patent law *explicitly* requires a patent-holder to return royalties that its licensee paid after the

---

dispute among district courts regarding a federal court's ability under the FAA to vacate an arbitral award on public[-]policy grounds." (collecting cases)). *Compare Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007) (declining to recognize public-policy grounds), *with Schwartz*, 665 F.3d at 452 (discussing public-policy grounds). For this appeal, we assume without deciding that the public-policy attack survives.

[3] Acorda also appears to argue that we may modify an award for a separate, third reason – *i.e.*, because confirming the award would "aid the commission of an illegal act." Acorda Br. at 19. But as Alkermes points out – and as Acorda does not appear to dispute – Acorda's illegal-act theory is essentially identical to its against-public-policy one. *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 825 (2d Cir. 1997) (explaining that public-policy challenges "derive[] from the basic notion that no court will lend its aid to one who founds a cause of action upon an immoral or illegal act" (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 42 (1987)).

patent expired. Pointing to the Supreme Court's decisions in *Brulotte v. Thys Co.*, 379 U.S. 29 (1964), and *Kimble v. Marvel Entertainment*, 576 U.S. 446 (2015), Acorda contends that federal patent law does just that. We disagree. In *Brulotte*, a patent-holder sued its counterparty for "refus[ing] to make [contractually required] royalty payments" that "accru[ed]. . . after the expiration of the patents." 379 U.S. at 30. The Supreme Court rejected this argument and held that clauses in "licensing agreement[s]" requiring post-expiration royalties are categorically "unenforceable." *Id.* at 34. Fifty years later, "[t]he sole question presented" in *Kimble* was "whether [the Supreme Court] should overrule *Brulotte*," which it "declin[ed] to do" on *stare decisis* grounds. 576 U.S. at 449. In other words, *Brulotte* and *Kimble* explicitly held only that a clause requiring a party to pay post-expiration royalties will not hold up in court; they *did not* say that a party that knowingly decides to make post-expiration payments is entitled to complete and mandatory restitution. Indeed, as Acorda itself acknowledged during the arbitration, "neither *Brulotte* nor *Kimble* addressed damages." J. App'x 214; *see id.* at 208, 213 (referring to restitution as a form of "damages"). Acorda therefore cannot rely on *Brulotte* or *Kimble* to establish the kind of "well-defined" and

6

"explicit" law required for it to show manifest disregard. *Smarter Tools*, 57 F. 4th at 383 (internal quotation marks omitted).

Tellingly, Acorda has not been able to identify a single case where any court has *ever* held that federal law requires the full repayment of post-expiration royalties. In fact, the handful of courts that have reached this issue have found that parties may *not* seek total restitution. *See Tessera, Inc. v. Toshiba Corp.*, No. 15-cv-2543-BLF, 2019 WL 5395158, at *6 (N.D. Cal. Oct. 22, 2019) ("[T]he claim at issue is [the license-holder's] claim for refund of . . . royalty payments. *Brulotte* would only exclude [the patent-holder's] *affirmative claim* for unpaid royalties due after expiration of a patent." (emphasis added)); *Zila Inc. v. Tinnell*, No. 00-cv-1345, 2004 U.S. Dist. LEXIS 35476, at *4 (D. Nev. Apr. 22, 2004) (similar), *rev'd on other grounds*, 502 F.3d 1014, 1023–27 (9th Cir. 2007). Regardless of the ultimate answer to this disputed legal question, Acorda has failed to show that patent law *explicitly* mandates restitution in full.

In a last-ditch effort to salvage its claim, Acorda argues that the Tribunal itself found that the clause was unenforceable and that it accordingly "awarded legally incompatible relief by ordering disgorgement of certain unlawful royalties under federal patent law while simultaneously permitting Alkermes to retain the

7

balance under the NYVPD." Reply Br. at 14. But the Tribunal's use of state law made sense. Acorda had after all, sought "general contract damages or a finding of unjust enrichment" under *New York law*. J. App'x at 205 (discussing "breach[es] of contract . . . under New York law"). The Tribunal therefore (i) determined that, under federal patent law, the clauses requiring payment of "post-patent royalties" were not "enforceable"; (ii) moved on to calculate the "monetary award" for Acorda's state-law "unjust enrichment/restitution" claims; and (iii) concluded that the NYVPD limited Acorda's remedy. Sp. App'x at 11, 18–19.

\* \* \*

In sum, the Tribunal did not ignore an explicit, well-defined principle of federal patent law in declining to award Acorda full restitution of voluntary post-expiration payments. By deciding to make such payments, Acorda slept on its rights. It cannot now manufacture an explicit conflict between state and federal law – and prove that the Tribunal lacked even a "barely colorable justification" for its decision, *Smarter Tools*, 57 F.4th at 378 (internal quotation marks omitted) – simply by conflating the rights that it abandoned with the remedies now available to it.

8

We have considered Acorda's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court.